UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN MURPHY,                                             CASE NO.:

          Petitioner,

vs.

CITIGROUP GLOBAL MARKETS, INC.,

          Respondent.
_____/

### PETITION TO CONFIRM ARBITRATION AWARD

NOW COME Petitioner, John Murphy ("Murphy"), and apply under the Federal Arbitration Act, 9 U.S.C. § 9 (2008), to confirm a Financial Regulatory Authority (FINRA) arbitration award entered against Citigroup Global Markets, Inc. ("Citigroup") by a FINRA arbitration panel, a copy of which is attached hereto as Exhibit A.

### INTRODUCTION

1. Murphy maintained a brokerage account with Citigroup. Citigroup recommended that Murphy invest in Federal National Mortgage Association or Fannie Mae preferred shares underwritten by Citigroup. Murphy invested $250,000. Murphy later discovered that Citigroup's stockbroker had misrepresented and failed to disclose the risks of the investment. Consequently, as Murphy was required to do, Murphy commenced an arbitration proceeding against Citigroup to recover Murphy's losses. See Exhibit B (Murphy's FINRA Statement of Claim).

2. On March 19, 2012 through March 23, 2012, a three-member FINRA panel heard the parties' evidence and argument.

3. On March 30, 2012, the FINRA panel delivered its award as follows:

### AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the

issues submitted for determination as follows:

Respondent is found liable for breach of fiduciary duty and shall pay to Claimant compensatory damages in the amount of $250,000.00, pre-judgment interest specifically excluded.

Any and all relief not specifically addressed herein, including Claimant's request for punitive damages, is denied.

See Exhibit A.

## PARTIES

4. Petitioner Murphy, at all times material hereto, was a resident of Manalapan, Florida, is over the age of eighteen years and is otherwise *sui juris*.

5. Respondent Citigroup is a corporation, organized under the laws of the State of New York, maintains its principal place of business in New York, New York, and does business in the State of Florida, including maintaining offices in the Southern District of Florida.

## SUBJECT-MATTER JURISDICTION

6. Federal subject-matter jurisdiction exists here under 28 U.S.C. § 1332(a)(1), because the diversity of citizenship between Petitioner and Respondent is complete and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391 and 9 U.S.C. § 9, because the FINRA award was rendered in this District.

## FACTS

8. Murphy was required to arbitrate any disputes with Citigroup.

9. Murphy filed a Statement of Claim against Citigroup to commence a FINRA arbitration proceeding.

10. Murphy prevailed in his arbitration against Citigroup, and was awarded a total of

$250,000.00 on March 30, 2012. See Exhibit A.

11. Section 9 of the Federal Arbitration Act provides that a party may, within one (1) year after an arbitration award is made, apply to the court for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected, as prescribed in section 10 and 11 of this title. 9 U.S.C. § 9 (2008).

12. No grounds to vacate, modify, or correct the award exist.

13. For these reasons, the award is ripe for summary proceeding to confirm the award. See Cullen v. Paine Webber, 863 F.2d 851, 854 (11th Cir. 1989) ("confirmation proceeding under § 9 is intended to be summary").

14. In this action, Petitioner seeks confirmation of the award in a Final Judgment to be rendered by this Court, under the Federal Arbitration Act.

15. Petitioner requests the following relief in a Final Judgment:

a. A judgment in the amount of $250,000.00;

b. Post judgment interest at the maximum rate allowed by the greater of Florida law or federal law, accruing from March 30, 2012 until the award is paid in full;

c. Costs of this action to confirm the award;

d. Any and all relief granted by the FINRA arbitration award; and

e. All such other and further relief as determined to be just as awarded by this Court.

WHEREFORE, Petitioner respectfully applies to the Court for a Final Judgment confirming the FINRA arbitration award in its totality as requested in this action and as provided by the arbitration award, plus post-award interest at the greater of the Florida or Federal Statutory rate from March 30, 2012 until all sums are paid, costs, and for such other or further relief the Court deems proper.

Dated: April 9, 2012.

                                        //ss Jeffrey Erez
                                        Jeffrey Erez, Esq.
                                        Fla. Bar No. 0102369
                                        Jeffrey R. Sonn, Esq.
                                        Jsonn@sonnerez.com
                                        Fla. Bar No. 773514
                                        Sonn & Erez, PLC
                                        500 East Broward Blvd., Suite 1700
                                        Fort Lauderdale, FL 3394
                                        Tel:  (954) 763-4700
                                        Fax: (954) 763-1866


                                        Counsel for Plaintiffs/Applicants